STATE OF NEW JERSEY, RESPONDENT-COMPLAINANT, v. ROBERT M. SHAW, PROSECUTOR-DEFENDANT.

Submitted November term, 1922—Decided February 20, 1923.

**Conviction—Automobile Act—Driving While Intoxicated—Act not Unconstitutional.**

On *certiorari.*

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor-defendant, *King & Vogt* (of counsel, *Harold A. Price*).

For Angelo J. A. Bennell, recorder, *Nathaniel C. Toms.*

PER CURIAM.

The writ of *certiorari* in this case removed to this court for review the conviction of Robert M. Shaw before the recorder of the town of Morristown, upon a complaint alleging violation of section 14, subdivision 3, of the Motor Vehicle act of April 8th, 1921. *Pamph. L., p.* 643. This section of the Motor Vehicle act provides for a punishment of not less than thirty days and not more than six months for driving or operating a motor vehicle under the influence of intoxicating liquor or drugs. The record shows that on June 10th, 1922, Robert M. Shaw was arrested for driving an automobile while intoxicated and a complaint was made against him under a supplement to an act entitled "An act concerning disorderly persons," approved March 12th, 1913. A warrant was issued on this complaint and Shaw was arrested, convicted and sentenced to a term of thirty days in the Morris county jail. Application was made to the Morris County Court of Common Pleas to review the conviction, and the court dismissed the complaint and set aside the conviction on the ground that the act of March 12th, 1913, had been expressly repealed by chapter 184 of the laws of 1921. The act repealed was substantially re-enacted in the revision of the Motor Vehicle act of April 8th, 1921. When released, a new complaint was made against the defendant under the new Motor Vehicle act. The defendant was apprehended, convicted and sentenced in this proceeding to thirty days in the Morris county jail. The defendant, at the hearing, offered the plea of *autrefois acquit,* which was overruled.

The defendant, as prosecutor, contends that the overruling of this plea on defence was erroneous. We think not. While the law is that a person cannot be put in jeopardy twice for the same offence, the first proceeding must be one under which the court has jurisdiction of both the person and offence. This was not so in the present case in the first proceeding. The court had no jurisdiction under the complaint as made.

The proceedings were invalid, were promptly set aside, and the defendant served no sentence under the conviction.

The second point raised is that the Motor Vehicle act is unconstitutional because it does not accord to a defendant the benefit of indictment and trial by jury. This ground is not well taken. It was disposed of in the case of *State* v. *Rodgers,* 91 *N. J. L.* 212.

The prosecutor further contends that the Motor Vehicle act is unconstitutional because it provides for an appeal from the judgment of a magistrate to the court of Common Pleas, and not to a criminal court. It is unnecessary for us to consider this point.

The prosecutor has invoked the use of one of this court's prerogative writs, the writ of *certiorari,* to have the proceedings taken against him reviewed. He has not been put in a position to be harmed by this provision of the statute. The judgment of conviction is affirmed.